# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANTWOINE CANNON,**
**INMATE # 256565,**

    **Plaintiff,**

vs.                                            **Case No. 4:24-cv-179-AW-MAF**

**OFFICER CHASE,**
**OFFICER FISHER, and**
**TALLAHASSEE POLICE**
**DEPARTMENT,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, was granted leave to proceed in forma pauperis status, ECF No. 9, and his initial civil rights complaint, ECF No. 1, was reviewed as required by 28 U.S.C. § 1915A. Finding it insufficient, an Order was entered on June 26, 2024, directing Plaintiff to file an amended civil rights complaint. ECF No. 10. Plaintiff was advised of the deficiencies which had to be corrected, and directed to explain the basis for his claims against the two Defendants. Plaintiff's deadline to comply with that Order was **July 26, 2024**, and he was warned that if he failed comply, a

recommendation would be made to dismiss this case. *Id.* As of this date, nothing further has been received from Plaintiff, despite that warning. It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See <u>Ciosek v. Ashley</u>, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order. <u>Smith v. Bruster</u>, 424 F. App'x 912, 915 (11th Cir. 2011). Here, Plaintiff was warned that if he failed to comply with the Order, his case would be dismissed. ECF No. 10. Because Plaintiff has not filed an amended complaint after being warned of the consequences, dismissal is appropriate.

Case No. 4:24cv179-AW-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on August 15, 2024.

        S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**