IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ANTWOINE CANNON,**
**INMATE # 256565,**

    **Plaintiff,**

vs.                                     Case No. 4:24-cv-179-AW-MAF

**OFFICER CHASE,**
**OFFICER FISHER, and the**
**TALLAHASSEE POLICE**
**DEPARTMENT,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, was directed to file an amended complaint. ECF No. 10. Plaintiff was provided guidance on the deficiencies of his initial complaint which must be corrected for this case to proceed. *Id.* After providing Plaintiff with approximately three months to comply with that Order, Plaintiff filed his first amended complaint [hereinafter "complaint"], ECF No. 16, on October 15, 2024. The complaint has been reviewed as is required by 28 U.S.C. § 1915A to determine if it is sufficient to state a claim.

Plaintiff's complaint is brought against two Tallahassee police officers, Fisher and Chase, as well as the Tallahassee Police Department. ECF No. 16.  Despite the guidance provided to him, Plaintiff has continued to assert both individual and official capacity claims against all three Defendants.  *Id.* at 2-3.  Plaintiff has not provided a factual basis to support his official capacity claims against the individual police officers, nor has Plaintiff provided a basis for his claim against the Tallahassee Police Department.

As Plaintiff was previously advised, a § 1983 complaint imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  However, a city's police department is not an entity that can be sued.  Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (noting that "Sheriff's departments and police departments are not usually considered legal entities subject to suit," but finding that the capacity to sue or be sued shall be determined by the law of the state in which the district court is held") (citing Fed. R. Civ. P. 17(b)(3)).  Under Florida law, a police department is not a registered entity with the State of Florida and is not subject to suit under § 1983.  Pierre v. Schlemmer, 932

F.Supp. 278, 280 (M.D. Fla. 1996); Eddy v. City of Miami, 715 F.Supp. 1553 (S.D. Fla. 1989).  Plaintiff was directed to delete the Tallahassee Police Department as a Defendant in this case, ECF No. 10, but he has not done so.

Moreover, Plaintiff has not provided any facts to support a municipal liability claim against the City of Tallahassee, even if properly named as a Defendant.  Plaintiff does not allege that a policy or custom caused any injury or violated his constitutional rights.  The complaint does not state a claim against the Tallahassee Police Department.

Additionally, Plaintiff has continued to sue Defendant Fisher and Defendant Chase in both their individual and official capacities as well. ECF No. 16 at 2-3.  However, it is well established that a civil rights complaint brought against a police officer in his official capacity is "only another way of pleading an action against an entity of which an officer is an agent."  Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (quoting Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)) (quoted in Green v. Graham, 906 F.3d 955, 962 (11th Cir. 2018))).  An official capacity action seeks to hold a governmental entity liable when "the entity itself is a 'moving force' behind the

deprivation." Kentucky, 473 U.S. at 166, 105 S. Ct. at 3105 (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981)).  Thus, to properly allege an official capacity claim against either Defendant Fisher or Chase, Plaintiff "must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (quoted in Wappler v. Ivey, No. 22-13418, 2024 WL 3321147, at *10 (11th Cir. July 8, 2024)).  Here, Plaintiff has not identified an officially promulgated city policy or an unofficial custom or practice of the city which is evident from "repeated acts of a final policymaker for the [city]." Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003) (quoted in Wappler, 2024 WL 3321147, at *10). Because Plaintiff has not shown that a "custom or practice [was] the moving force behind" his asserted constitutional violation, the official capacity claims are insufficient as a matter of law.

On the other hand, an individual capacity claim is appropriate when alleging that police officers took actions which violated the Plaintiff's constitutional rights.  Kentucky, 473 U.S. at 165, 105 S. Ct. at 3105.  To

sufficiently state a claim, Plaintiff must allege facts which show what the Defendants did that Plaintiff contends is unconstitutional. In this case, Plaintiff has not alleged such facts. Plaintiff's complaint is comprised of four numbered sentences which present vague and conclusory claims. ECF No. 16 at 5-6. Only one sentence of the complaint is directed to the actions of the Defendant police officers.[1] Plaintiff claims that the "reporting officer" conducted a search and arrest without "reasonable probable cause." *Id.* at 5. Plaintiff does not identify which Defendant was the reporting officer, state when or where the arrest occurred, describe the search, or otherwise provide facts which explain his contention that the officer lacked probable cause. A complaint that provides only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" is insufficient to state a claim. Jennings v. Stewart, 461 F. Supp. 3d 1198, 1199 (N.D. Fla. 2020) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Plaintiff's complaint should be dismissed for failure to state a claim.

---

[1] The remaining allegations pertain to actions of the state attorney. ECF No. 16 at 5-6. They are also vague, conclusory, and fail to state a claim.

Case No. 4:24cv179-AW-MAF

More importantly, the law is clear that one may not seek monetary damages or injunctive relief which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). "In Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372-73, 129 L. Ed. 2d 383 (1994), the Supreme Court 'held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643, 117 S. Ct. 1584, 1586, 137 L. Ed. 2d 906 (1997) (quoted in Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003)). Put another way, "a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving."

Case No. 4:24cv179-AW-MAF

Spencer v. Kemna, 523 U.S. 1, 21, 118 S. Ct. 978, 990, 140 L. Ed. 2d 43 (1998) (Ginsburg, J., concurring) (quoted in Pataki, 320 F.3d at 1295)); see also Price v. McNeil, 340 F. App'x 581, 583 (11th Cir. 2009) (relying on Harden and Heck to dismiss complaint which challenged the legality of prisoner's confinement).

Here, Plaintiff is currently incarcerated in the Florida Department of Corrections and he is challenging the legality of his incarceration. A claim for false imprisonment necessarily contends that he is wrongfully incarcerated, and under Heck v. Humphrey, a plaintiff cannot challenge the invalidity of his imprisonment in a § 1983 case "until that invalidity is proven" through the filing of a direct appeal or a habeas petition. Ballard v. Morales, No. 21-13881, 2022 WL 4462253, at *2 (11th Cir. Sept. 26, 2022) (holding that prisoner's "claim for damages resulting from his alleged false imprisonment [was] barred by Heck because for him to prevail on this claim would require a finding his current sentence is invalid or unlawful"); Moody v. Williams, No. CV 313-071, 2014 WL 1478706, at *2 (S.D. Ga. Apr. 15, 2014) (concluding that plaintiff's claim that he was falsely imprisoned was barred by Heck, 512 U.S. at 487). Thus, unless and until Plaintiff has successfully challenged his incarceration through the filing of a habeas

petition or had his conviction overturned on direct appeal, he cannot seek monetary damages for being wrongfully incarcerated. Accordingly, Plaintiff's complaint should also be dismissed because it is barred by Heck. Should Plaintiff dispute that his claim is not barred by Heck, Plaintiff must timely file objections to this Report and Recommendation as explained below. See Topa v. Melendez, 739 F. App'x 516, 518 (11th Cir. 2018) (holding that the district court erred in not providing notice to the plaintiff that it was considering dismissal because of Heck).

Plaintiff has already been provided an opportunity to submit a viable civil rights complaint, but Plaintiff failed to heed the guidance in that Order. Plaintiff provided less facts in his amended complaint than he did in his original complaint. His claims are unsupported, and Plaintiff did not provide factual allegations which alert either the Court or the Defendants to the basis for his legal claims. Because it does not appear that further opportunities to file a second amended complaint would be beneficial, it is recommended that this case be dismissed with prejudice.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 16, be **DISMISSED with prejudice**

for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 17, 2024.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:24cv179-AW-MAF