IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTWOINE CANNON,

    Plaintiff,

v.                                                  Case No. 4:24-cv-179-AW-MAF

OFFICER CHASE, OFFICER FISHER,
and TALLAHASSEE POLICE
DEPARTMENT,

    Defendants.

_____/

## ORDER OF DISMISSAL

Antwoine Cannon, a state prisoner, sued the Tallahassee Police Department and two of its officers. He alleges malicious prosecution, violations of his right to be free from unreasonable searches, and related claims. After the magistrate judge identified defects in the original complaint, Cannon filed his First Amended Complaint. ECF No. 16. The magistrate judge issued a report and recommendation that concluded the court should dismiss for failure to state a claim. ECF No. 18. Cannon has filed no objections.

Having carefully considered the matter, I agree that dismissal is appropriate. First, Cannon has not stated a claim against the Tallahassee Police Department. The magistrate judge explains that "[u]nder Florida law, a police department is not a registered entity with the State of Florida and is not subject to suit under § 1983." ECF No. 18 at 2. But either way, there can be no municipal liability for officers'

1

actions unless some municipal policy or custom was the moving force behind the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Here, Cannon offers no factual allegations to show that there was any such policy or custom. Therefore, he has not stated a plausible claim against TPD.

Cannon's official-capacity claims against the two officers fail for the same reason. An official-capacity claim is really a claim against the entity the official represents—here, TPD. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). So these claims have the same *Monell* issue.

That leaves Cannon's individual-capacity claims against the two officers. As the magistrate judge explains, those fail because they are wholly conclusory. Cannon offers no factual support for his claims that these two officers violated his constitutional rights. There are no facts about what these officers did. Such conclusory allegations are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]

---

[1] The magistrate judge also concluded dismissal was appropriate based on *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a state prisoner cannot sue under § 1983 if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence," unless the conviction or sentence was already invalidated. *Id.* at 487. The magistrate judge is likely correct on this point, but it is not clear from the complaint that Cannon's claims relate to the same criminal conviction(s) for which he is currently incarcerated. (This is a consequence of

In conclusion, I approve the magistrate judge's recommendation, and all claims will be dismissed.[2] The clerk will enter a judgment that says, "Plaintiff's claims are dismissed on the merits for failure to state a claim." The clerk will then close the file.

SO ORDERED on December 4, 2024.

                                              s/ *Allen Winsor*
                                              United States District Judge

---

conclusory pleading.) For this reason, and because it is unnecessary to do so, I do not reach the *Heck* issue.

[2] Because Cannon has already had an opportunity to amend, I do not *sua sponte* grant leave to amend.